The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This is in response to your request, on behalf of Mr. Jerry Case, for an opinion concerning whether a firefighter employed by the City of Conway may keep his job while actively running for Faulkner County Sheriff, as long as he does not actively campaign while on duty. It is my opinion that state law does not prohibit a firefighter from being a candidate for the office of county sheriff; however, federal law may be applicable to this question.
Act 1214 of 1997 (now codified as A.C.A. § 21-1-207), entitled "An Act Concerning Political Activity of Public Employees; and For Other Purposes," provides in part:
 Notwithstanding any law to the contrary, no employee of the state, a county, a municipality, a school district, or any other political subdivision of this state shall be deprived of his or her right to run as a candidate for an elective office or to express his or her opinion as a citizen on political subjects; unless as necessary to meet the requirements of federal law as pertains to employees.
Accordingly, it appears that the legislature clearly intended to permit a municipal employee "to run as a candidate for an elective office." Nevertheless, as indicated by Act 1214, federal law must also be considered. The federal Hatch Act, which is codified as 5 U.S.C.A. § 1501et seq., provides that a state or local officer or employee covered by the act may not be a candidate for elective office.5 U.S.C.A. § 1502(a)(3); see Op. Att'y Gen. 96-075. The act applies to individuals whose principal employment by a state or local agency is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency.5 U.S.C.A. § 1501(4). Non-partisan races and candidates for those races are exempted from the Hatch Act.5 U.S.C.A. § 1503.
The question of whether the Hatch Act is applicable to a particular employee is a question of fact. Further, responsibility for enforcement of the Hatch Act rests with the United States Merit Systems Protection Board and the Office of Special Counsel. 5 U.S.C.A. § 1504. This office is therefore not in a position to make any conclusive determinations with regard to the act's applicability. The foregoing should, however, offer guidance in addressing the issue with regard to a particular employee.
Finally, A.C.A. § 14-51-303 provides that the civil service commissions for police and fire departments of cities of the first class shall promulgate rules and regulations governing the political activities of fire department and police department personnel. It is my understanding that Conway is a city of the first class and has established a civil service commission. Thus, any rules and regulations of the civil service commission regarding the political activities of fire department personnel must be considered, to the extent that they do not conflict with state or federal law. See generally Ops. Att'y Gen. 96-081 and 96-060.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh